# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LESTER MOODY | * | |
| *Plaintiff* | * | |
| v. | * | Civil Action No. ELH-18-488 |
| BALTIMORE CITY DEPT OF SOCIAL SERVICES STATE OF MARYLAND | * | |
| | * | |
| *Defendant.* | | |
| | *** | |

## MEMORANDUM

On February 16, 2018, the self-represented plaintiff, Lester Moody, filed suit against his former employer, the Baltimore City Department of Social Services, alleging retaliation in violation of three statutes: Title VII of the Civil Rights Act of 1964, codified, as amended, at 42 U.S.C. §§ 2000e *et seq.*; Title IX of the Education Amendments Act of 1972, codified at 20 U.S.C. §§ 1681 *et seq.*; and the Maryland Fair Employment Practices Act, Md. Code (2014 Repl., 2017 Supp.), § 20-606 of the State Government Article ("S.G."). *See* ECF 1 ("Complaint"). He also moved for leave to proceed in forma pauperis ("IFP"). ECF 3. The Court granted the IFP Motion. ECF 5.

On March 1, 2018, Mr. Moody also asked the Court to appoint counsel to assist him in this litigation. ECF 4. The Court denied that request. ECF 5. The Court explained that Mr. Moody's reliance on the Sixth Amendment was entirely misplaced. *Id.* The right to counsel under the Sixth Amendment applies to defendants in criminal cases. But, this is a civil case initiated by Mr. Moody. Moreover, for the reasons stated in ECF 5, he is not entitled to counsel under 28 U.S.C. § 1915(e).

Apparently unhappy with the Court's denial of the request for appointment of counsel, on April 13, 2018, Mr. Moody filed a "Motion To Remove The Current Judge From The Case For Denial of Counsel." ECF 13. In that motion, Mr. Moody also renewed his request for the appointment of counsel. *Id.* at 1-3. Moreover, on April 13, 2017, Mr. Moody filed another request, addressed to the "Chief Judge of the U.S. District Court," seeking the appointment of counsel. *See* ECF 15. Then, on April 24, 2018, Mr. Moody filed duplicate copies of both motions. *See* ECF 16 (duplicate of the motion addressed to the "Chief Judge"); ECF 16-1 (duplicate of the motion to recuse).

The Court is mindful of its obligation to construe liberally the filings of a pro se litigant, which are held to less stringent standards than filings drafted by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). No hearing is necessary to resolve the motions.[1] *See* Local Rule 105.6. For the reasons stated below, I shall deny the motions.

## Discussion

As to Mr. Moody's recusal request, 28 U.S.C. § 455 is relevant. Section 455 is titled "Disqualification of justice, judge, or magistrate judge." Under § 455, the judge whose objectivity is being challenged by a motion to recuse is the one who should first review the matter and render the disqualification decision.

Section 455(a) focuses on the appearance of impropriety. It states: "Any justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The test "embodies an objective standard"

---

[1] Also pending is defendant's motion to dismiss (ECF 10), which Mr. Moody has opposed. *See* ECF 12. The time to reply has not yet expired. *See* Local Rule 105.2.a. Therefore, the motion to dismiss is not at issue here.

and asks "whether an objective, disinterested, lay observer fully informed of the facts . . . would entertain a significant doubt about a judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). The provision is intended to promote confidence in the judiciary. *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 865 (1988).

As the Supreme Court has noted, § 455(a) "deals with the *objective appearance* of partiality." *Liteky v. United States*, 510 U.S. 540, 553 n.2 (1994) (emphasis in *Liteky*). Disqualification is required "only if it appears that [a judge] harbors an aversion, hostility or disposition of a kind that a fair minded person could not set aside when judging the dispute." *Id.* at 558. This objective standard includes not only actual impartiality, but also the appearance of impartiality. *See United States v. Carmichael*, 726 F.2d 158, 160 (4th Cir. 1984). In other words, "[t]he inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987) (internal citation omitted).

Notably, a "presiding judge is not . . . required to recuse [herself] simply because of 'unsupported, irrational or highly tenuous speculation.'" *Cherry*, 330 F.3d at 665 (quoting *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). Rather, "[t]he alleged bias must derive from an extra-judicial source [and] . . . result in an opinion on the merits on a basis other than that learned by the judge from [her] participation in the matter." *In re Beard*, 811 F.2d at 827; *see Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984). Simply put, "[t]he proper test to be applied is whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *Id.*

Moreover, 28 U.S.C. § 455(b) enumerates circumstances in which a federal judge "shall" disqualify herself, because partiality is presumed. *See* Richard K. Neumann, Jr., Conflicts Of

Interest In *Bush v. Gore:* Did Some Justices Vote Illegally*?*, 16 Geo. J. Legal Ethics 375 at 5 (Spring 2003). For example, § 455(b)(5)(iii) states that a judge shall recuse herself if she has "an interest that could be substantially affected by the outcome of the proceeding." If such a conflict exists, it cannot be waived. 28 U.S.C. § 455(e).

Under 28 U.S.C. § 144, recusal can be considered whenever a party to a proceeding files a sufficient affidavit stating that the judge has a personal bias or prejudice either against that party or in favor of another party. And, due process may sometimes demand recusal even when a judge "'ha[s] no actual bias.'" *Rippo v. Baker*, ___ U.S. ___, 137 S. Ct. 905, 907 (2017) (per curiam) (citation omitted) (alteration in *Rippo*). In *Rippo*, the Court said, *id.*: "Recusal is required when, objectively speaking, 'the probability of actual bias on the part of the judge . . . is too high to be constitutionally tolerable.'" (Citation omitted); *see also Williams v. Pennsylvania*, 579 U.S. ___, 136 S. Ct. 1899, 1905 (2016).

Here, there is no basis for mandatory recusal, nor is there any basis on which a reasonable person might question my impartiality in relation to this litigation. In denying Mr. Moody's initial request for the appointment of counsel, I carefully considered his motion and, consistent with my judicial responsibility, the ruling was founded on the law. Accordingly, I decline to recuse myself from this litigation.

As with plaintiff's initial request for counsel (ECF 4), Mr. Moody avers in his subsequent requests (ECF 13; ECF 15; ECF 16) that he enjoys a right to counsel under the Sixth Amendment. However, as I explained in the Order of March 5, 2018 (ECF 5), the Sixth Amendment pertains to the rights of a defendant in a criminal matter, and it has no bearing here.

Moreover, the Court's power to appoint counsel is a discretionary one, 28 U.S.C. § 1915(e)(1), and may be exercised when a matter involving an indigent claimant presents

exceptional circumstances.  *See Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).  However, appointment of counsel is not warranted at this early stage in the litigation.  Indeed, the Court cannot yet determine if discovery or a hearing will be necessary to the disposition of Mr. Moody's suit.  Accordingly, there are no exceptional circumstances *at this juncture* to warrant the appointment of counsel.

Of course, Mr. Moody may seek counsel by other means.  He does not indicate whether he has made any effort to do so.  For example, Maryland Legal Aid offers legal representation to low-income parties engaged in civil litigation.  Maryland Legal Aid may be contacted for attorney referrals by calling (410) 951-7750.  Additionally, Mr. Moody may seek legal assistance by contacting the Maryland Volunteer Lawyers Service, at (410) 547-6537.

Accordingly, I shall DENY ECF 13; ECF 15; and ECF 16, without prejudice.  An Order follows.


Date: April 25, 2018              /s/
                                  Ellen Lipton Hollander
                                  United States District Judge